QUINN EMANUEL URQUHART & SULLIVAN LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant iBus Media Limited*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG Recordings, Inc.; Roc-A-Fella Records, LLC; Capitol Records, LLC; Universal Music Corp.; Songs of Universal, Inc.; PolyGram Publishing, Inc.; Universal Music – MGB NA LLC; and Universal Music – Z Tunes LLC,<br><br>    *Plaintiffs*,<br><br>    vs.<br><br>iBus Media Limited, and DOES 1 through 10, inclusive,<br><br>    *Defendants*. | CASE NO. 2:18-cv-09709 SJO (JEMx)<br><br>**DEFENDANT IBUS MEDIA LIMITED'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Defendant iBus Media Limited ("iBus"), by and through its attorneys, hereby responds to the First Amended Complaint (the "Complaint") of UMG Recordings, Inc., Roc-A-Fella Records, LLC, Capitol Records, LLC, Universal Music Corp., Songs of Universal, Inc., PolyGram Publishing, Inc., Universal Music – MGB NA LLC, and Universal Music – Z Tunes LLC, (collectively "Plaintiffs") with the following Answer.

iBus denies each and every allegation, matter, or statement in the Complaint except as may be affirmatively admitted or alleged herein.  Moreover, to the extent that any of the headings used by Plaintiffs in the Complaint constitute allegations of fact to which a response is required, iBus denies all allegations contained in those headings.

Subject to the foregoing, iBus hereby Answers each paragraph in the Complaint as follows.

### ANSWER TO PLAINTIFFS' COMPLAINT

1.   iBus denies that Plaintiffs' "catalogue of copyrighted music is extremely valuable,"; on information and belief, the value of Plaintiffs' songs are constrained by consent decrees currently in force against Broadcast Music Inc. ("BMI") and the American Society of Composers, Authors and Publishers ("ASCAP"), which decree was the direct result of antitrust violations committed by Plaintiffs' predecessor entities.  iBus otherwise lacks sufficient knowledge to admit or deny the allegations in Paragraph 1.

2.   iBus admits that it creates content and technology for the enjoyment of consumers around the globe, that it operates the website www.pokernews.com ("PokerNews"), and that PokerNews has been described as the "largest poker media site in the world."  iBus denies that it has intentionally used any of Plaintiffs' copyrighted musical works, including in any podcasts or videos uploaded to third party services such as audioBoom (in the case of podcasts) or Vimeo

(in the case of videos).  Podcasts and videos distributed by third parties on iBus' behalf are primarily created by non-employee contractors, who are bound by an official iBus policy which prohibits infringing uses of intellectual property.  iBus does not instruct its contractors to include music in any podcasts they create for iBus.  iBus further denies that any podcast contains a "significant" portion of any of Plaintiffs' copyrighted songs.  iBus denies the remaining allegations in Paragraph 2.

3. iBus denies the allegations in this paragraph.  Pursuant to 17 U.S.C. §107, the First Amendment of the United States Constitution, and the common law, iBus—and indeed, the public at large—is entitled and authorized to make fair use of Plaintiffs' music; and Plaintiffs' suggestions to the contrary are wrong.  iBus denies the remaining allegations in Paragraph 3.

4. iBus denies the allegations in this paragraph.  iBus was contacted by agents purportedly representing Plaintiffs three years ago, which agents alleged that iBus was making unauthorized use of certain of Plaintiffs' songs; however, Plaintiffs' agents appear to have failed to consider the doctrine of fair use, and thus their allegations were wrong.  iBus denies the remaining allegations in Paragraph 4.

5. iBus denies the allegations in Paragraph 5.

6. Paragraph 6 consists entirely of legal conclusions which iBus need not admit or deny.  To the extent this paragraph contains any factual allegations, iBus denies them.

7. Paragraph 7 consists entirely of legal conclusions which iBus need not admit or deny.  To the extent this paragraph contains any factual allegations, iBus denies them.

8. iBus denies the allegations in Paragraph 8.

9. iBus denies the allegations in Paragraph 9.

10. iBus lacks sufficient information to admit or deny the allegations in Paragraph 10, and on that basis denies them.

11. iBus lacks sufficient information to admit or deny the allegations in Paragraph 11, and on that basis denies them.

12. iBus lacks sufficient information to admit or deny the allegations in Paragraph 12, and on that basis denies them.

13. iBus lacks sufficient information to admit or deny the allegations in Paragraph 13, and on that basis denies them.

14. iBus lacks sufficient information to admit or deny the allegations in Paragraph 14, and on that basis denies them.

15. iBus lacks sufficient information to admit or deny the allegations in Paragraph 15, and on that basis denies them.

16. iBus lacks sufficient information to admit or deny the allegations in Paragraph 16, and on that basis denies them.

17. iBus lacks sufficient information to admit or deny the allegations in Paragraph 17, and on that basis denies them.

18. iBus lacks sufficient information to admit or deny the allegations in Paragraph 18, and on that basis denies them.

19. iBus lacks sufficient information to admit or deny the allegations in Paragraph 19, and on that basis denies them.

20. iBus lacks sufficient information to admit or deny the allegations in Paragraph 20, and on that basis denies them.

21. iBus lacks sufficient information to admit or deny the allegations in Paragraph 21, and on that basis denies them.

22. iBus lacks sufficient information to admit or deny the allegations in Paragraph 22, and on that basis denies them.

23. iBus lacks sufficient information to admit or deny the allegations in Paragraph 23, and on that basis denies them.

24. iBus admits that it is incorporated under the laws of the Isle of Man, and that iBus' website states it maintains a "truly global presence". iBus further admits that it both operates websites, including www.pokernews.com, and arranges for the creation of content for those websites—either through the use of contractors, or the efforts of iBus' own employees. The content on iBus' websites includes both audio and visual content. iBus denies that it has "five global offices, including one in California"; iBus' website currently lists only four offices, none of which is located in California, or even within the United States. iBus denies the remaining allegations in Paragraph 24.

25. iBus lacks sufficient information to admit or deny the allegations in Paragraph 25, and on that basis denies them.

26. Paragraph 26 consists entirely of legal conclusions which iBus need not admit or deny. To the extent this paragraph contains any factual allegations, iBus denies them.

27. iBus admits that it owns and operated the website www.pokernews.com ("PokerNews"). iBus further admits that it has characterized PokerNews as "the largest poker media site in the world," and "the world's leading poker website." iBus further admits that PokerNews is "considered to be the most complete poker resource available on the internet." iBus further admits that PokerNews contains extensive poker-related content, including news, videos, strategy guides, live reporting, and podcasts, all focused on the subject of poker. iBus further admits that the PokerNews website states that "visitors will find a daily dose of articles with the latest poker news, live reporting from tournaments, exclusive videos, podcasts and so much more." iBus denies the remaining allegations in Paragraph 27.

28. iBus admits that some content appearing on PokerNews was created by parties other than iBus within the United States. Content appearing on PokerNews is typically created by third parties pursuant to contracts with iBus, and

iBus lacks sufficient knowledge to admit or deny the precise locations from which those third parties created the content for iBus.  Moreover, much of the content on PokerNews is neither created in the United States nor targeted at the United States; for example the "World Series of Poker Europe" and the "World Series of Poker Asia Pacific" are focused on Europe and Asia, respectively.  iBus denies the remaining allegations in Paragraph 28.

29. iBus admits that it has historically employed a single individual within the State of California, but otherwise denies the allegations in Paragraph 29 as inaccurate characterizations of iBus' relationships with its content creators, as well as the locations and tasks performed by third parties that contracted with iBus.  For example the "Remko Report" identified in Schedule D to Plaintiffs' complaint is hosted by Remko Rinkema, who is based in the Netherlands.

30. iBus admits that it owns and distributes a mobile application over the Google Play and Apple iTunes stores, which application includes much of the content available on PokerNews, as well as functionality not available on the PokerNews website.  iBus denies the remaining allegations in Paragraph 30.

31. iBus admits that certain podcasts could previously be accessed over both PokerNews and its mobile application; however, characterizations that those podcasts constituted "a large portion of the content" are misleading and incorrect, and on that basis iBus denies those allegations.  iBus denies the remaining allegations in Paragraph 31.

32. iBus admits that certain podcasts, created for iBus by third parties pursuant to contracts, were previously uploaded to audioBoom, iTunes, Spotify, Google Play, and Stitcher.  iBus further understands that audioBoom, iTunes, Spotify, Google Play, and Stitcher hosted and either streamed, or distributed, copies of those podcasts.  Additionally, iBus admits that certain videos, created by third parties

pursuant to contracts with iBus, were uploaded to Vimeo, and that Vimeo then hosted and streamed those videos. iBus denies the remaining allegations in Paragraph 32.

33. Denied. As stated above, the podcasts identified in the Complaint were created by third parties pursuant to contracts with iBus, and thus iBus did not "incorporate" anything in the podcasts, as iBus did not create them in the first instance. Moreover, any use of Plaintiffs' music in the podcasts is limited to individual short clips—typically shorter than 10 seconds—that are used to divide segments in the podcast. Clips that short do not constitute "significant" portions of any of the songs asserted by Plaintiffs. Moreover the podcasts accused by Plaintiffs are often more than 40 minutes long, and 10 seconds (or less) of a song buried in the midst of a 40 minute podcast cannot be characterized as "prominently featured," not is likely that the "appeal" of any podcast is the 10 seconds of music in the middle, rather than the 40 minutes of content. iBus denies the remaining allegations in Paragraph 33.

34. iBus denies the allegations in Paragraph 34. Any profits made by iBus are attributable to content other than Plaintiffs' asserted songs.

35. iBus denies the allegations in Paragraph 35. iBus specifically denies that the items listed in "Schedule D" are "representative" of the materials at issue in this litigation; as written, Schedule D references videos posted to Youtube, which is not otherwise mentioned in the complaint, and Schedule D also omits mention of any videos posted to Vimeo, despite reference to Vimeo throughout the complaint. Moreover, Pursuant to the 1976 Copyright Act, the First Amendment, and the common law, iBus—like all members of the public—has a right to fair use of copyrighted works, which use does not constitute infringement.

36. iBus denies the allegations in Paragraph 36.

37. iBus denies the allegations in Paragraph 37.

38. iBus denies the allegations in Paragraph 38. As fair use of copyrighted works does not constitute infringement, iBus was neither notified of any infringement, nor did iBus ever infringe any of Plaintiffs' asserted songs.

39. iBus admits it made certain podcasts available through audioBoom, iTunes, Spotify, Google Play, and Stitcher, and also made certain videos available through Vimeo. iBus further admits that it has taken down podcasts and videos which were identified by the Plaintiffs, including in materials filed in this litigation. However, iBus denies that the materials identified in Plaintiffs' complaint were targeted at either the United States or California; for example, the videos appears on Vimeo were specifically targeted at the Baltic region. iBus further denies that any of its actions constitute any infringing use of any of Plaintiffs' songs. iBus denies the remaining allegations in Paragraph 39.

40. iBus denies the allegations in Paragraph 40. As noted above, any use of Plaintiffs' songs in podcasts created by third parties for iBus constitutes a fair use, and is not infringement.

41. iBus admits that its website contains a disclaimer which states, in part "All Content published by PokerNews on the Site (apart from User-submitted Content), including, without limitation, images, photographs, graphics, animations, videos, audio and text . . . are owned by PokerNews and/or its licensors and is protected by copyright and other intellectual property or other proprietary rights." iBus denies any infringement of Plaintiffs' asserted songs. iBus denies the remaining allegations in Paragraph 41.

42. iBus responds to Paragraph 42 by incorporating by reference each and every admission or denial stated in paragraphs 1 through 42, above.

43. iBus denies the allegations in Paragraph 43.

44. iBus denies the allegations in Paragraph 44.

45. iBus denies the allegations in Paragraph 45.

46. iBus denies the allegations in Paragraph 46.

47. iBus denies the allegations in Paragraph 47.

48. iBus denies the allegations in Paragraph 48.

49. iBus responds to Paragraph 42 by incorporating by reference each and every admission or denial stated in paragraphs 1 through 42, above.

50. iBus denies the allegations in Paragraph 50.

51. iBus denies the allegations in Paragraph 51.

52. iBus denies the allegations in Paragraph 52.

53. iBus denies the allegations in Paragraph 53.

54. iBus denies the allegations in Paragraph 54.

55. iBus denies the allegations in Paragraph 55.

56. iBus responds to Paragraph 42 by incorporating by reference each and every admission or denial stated in paragraphs 1 through 42, above.

57. iBus denies the allegations in Paragraph 57.

58. iBus denies the allegations in Paragraph 58.

59. iBus denies the allegations in Paragraph 59.

60. iBus denies the allegations in Paragraph 60.

61. iBus denies the allegations in Paragraph 61.

62. iBus responds to Paragraph 42 by incorporating by reference each and every admission or denial stated in paragraphs 1 through 42, above.

63. iBus denies the allegations in Paragraph 63.

64. iBus denies the allegations in Paragraph 64.

65. iBus denies the allegations in Paragraph 65.

66. iBus denies the allegations in Paragraph 66.

67. iBus denies the allegations in Paragraph 67.

68. iBus denies that Plaintiffs are entitled to any relief whatsoever.

## IBUS' DEFENSES

69. By alleging the Defenses set forth below, iBus does not agree or concede liability on any claim brought by Plaintiffs; nor does iBus concede that it bears the burden of proof or the burden of persuasion on any issue raised in any Defense, either in whole or in part.

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

70. iBus is incorporated in the Isle of Man, and has offices in the Isle of Man, Lithuania, Spain, and the United Kingdom.  iBus does not own real estate in California, and previously maintained, but no longer maintains, a single employee in California.  Any contacts between iBus and California are attenuated and sporadic.  As indicated on iBus' website, iBus creates content for a global audience, including consumers in Europe (where iBus' offices are located) and Asia.

71. It would be unjust to permit Plaintiffs to haul iBus into court in the Central District of California, given that iBus' operations are located almost entirely overseas, and any connection between California and iBus is based on happenstance and not the subject matter of this lawsuit.

72. Accordingly, Plaintiffs' complaint against iBus should be dismissed for lack of subject matter jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

### (Fair Use)

73. iBus' podcasts are not infringing Plaintiffs' songs pursuant to the doctrine of fair use.

74. iBus' podcasts are educational in nature, because they provide news about current events in the world of poker, instructional material to consumers looking to improve their poker skills, and include interviews with prominent figures in the world of poker.

75. iBus' podcasts may be downloaded by consumers for free, and thus the podcasts are not made available for a commercial purpose.

76. Only minor, insubstantial portions of Plaintiffs' songs—often less than 10 seconds in length—appear in any of iBus' podcasts.

77. iBus' podcasts have not impact on the market for Plaintiffs' works; and Plaintiffs do not even bother to allege otherwise in their complaint. Indeed, it would be illogical to claim that iBus' podcasts—which often run longer than 40 minutes and yet include just seconds of Plaintiffs' songs—are a substitute for Plaintiffs' songs in the minds of consumers.

78. In light of the foregoing, iBus is not infringing Plaintiffs' works, because any use of Plaintiffs' songs in iBus' podcasts is a fair use.

## THIRD AFFIRMATIVE DEFENSE

### (Copyright Misuse)

79. Plaintiffs are part of a notorious cartel of music aggregators—the American Society of Composers, Authors and Publishers ("ASCAP")—who are subject to consent decrees as a result of their violations of the Sherman Antitrust Act.

80. Plaintiffs have repeatedly sought to evade the consequences of their prior bad acts by arguing that new technologies—such as podcasts—are not subject to the consent decrees. Plaintiffs have repeatedly lost those arguments in the courts, but continue to make them anyway.

81. Moreover, on information and belief, Plaintiffs' refuse to license their music to podcast creators on reasonable terms, instead repeatedly demanding that podcast creators purchase unduly expensive "synchronization" or "master" licenses, which are typically reserved for motion pictures, television shows, and other productions with much larger budgets than podcasts.

82. Plaintiffs' cartel behavior, both as part of ASCAP and as individual monopolists, constitutes copyright misuse, and precludes any infringement action against iBus.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

83. Plaintiffs did not initiate this litigation until November of 2018, despite admitting that they had learned of the use of the songs at issue in podcasts as early as 2015. On information and belief, all of the third party websites identified in Plaintiffs' complaint, including audioBoom, iTunes, Spotify, Google Play, Stitcher, and Vimeo, accept take down notices pursuant to 17 U.S.C. § 512, the Digital Millennium Copyright Act ("DMCA"). On information and belief, Plaintiffs could have submitted DMCA notices, identifying the podcasts and videos at issue in this litigation, at least as early as 2015. On information and belief, the submission of those DMCA notices would have eliminated any alleged harm to the plaintiffs. On information and belief, Plaintiffs' decision to file suit years after Plaintiffs could have submitted DMCA notices, was a strategic decision, undertaken for the purpose of causing a damages windfall.

84. Plaintiffs' actions represent a complete and total failure to mitigate damages. Plaintiffs should have filed DMCA notices (or a lawsuit) at the earliest possible date, and Plaintiffs' failure to do so has harmed iBus to the extent that it may cause the damages at issue in this case to be larger than the damages would have been if Plaintiffs filed suit earlier.

### FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

85. Plaintiffs did not initiate this litigation until November of 2018, despite admitting that they had learned of iBus' fair use in 2015. On information and belief, with respect to at least certain of Plaintiffs' asserted works, the statute of

limitations had expired by the time that Plaintiffs filed suit, eliminating all damages outside of three years.

## RESERVATION OF RIGHTS

86. iBus reserves the right to raise additional defenses as they are discovered or become available.

DATED: July 11, 2019

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Claude M. Stern*
   Claude M. Stern
   Michael F. LaFond
   *Attorneys for Defendant iBus Media Limited*

## JURY DEMAND

Defendant iBus Media Limited hereby demands a trial by jury on all issues so triable.

DATED: July 11, 2019           QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Claude M. Stern*
   Claude M. Stern
   Michael F. LaFond
   *Attorneys for Defendant iBus Media Limited*